IN THE UNITED SATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JOSE ISAIAS REYES §<br>　　Plaintiff §<br>　§<br>V. §<br>　§<br>CITY OF RIO GRANDE CITY, TEXAS §<br>AND JESSE ALVAREZ, JR., Individually §<br>and in his official capacity, §<br>　　Defendants § | CIVIL ACTION NO. 7:23-cv-414<br>JURY REQUESTED |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

COMES NOW, Plaintiff **JOSE ISAIAS REYES.** and files this his Original Complaint against Defendants the City of Rio Grande City, Texas, and Officer Jesse Alvarez, Jr., and respectfully brings his causes of action before this court.

### I.　　INTRODUCTION

1. This is an action for Constitutional Violations and state law personal injuries by Plaintiff as a result of the unreasonable search and seizure, use of excessive force and personal injury of **JOSE ISAIAS REYES.** Plaintiff brings this action for compensatory damages under 42 U.S.C. § 1983 because Defendants deprived Mr. Reyes of his federally-protected right to be free from unreasonable seizure and unreasonable force. U.S. CONST. amends. IV, XIV.

2. As a direct result of the policies, practices, customs and procedures of the City of Rio Grande City, Texas ("City"), Mr. Reyes was intentionally deprived of his constitutional right to be free from unreasonable searches and seizures guaranteed to him by the Fourth Amendment to the United States Constitution. The City, by and through

1

Officer Jesse Alvarez, Jr., acting in the course and scope of his employment with the City and acting under color of state law, unjustifiably used excessive force and caused personal injuries to Mr. Reyes under circumstances where no reasonable police officer would have done so. Under long established law on excessive force, Defendant's police officer are not entitled to qualified or other immunity for these actions.

## II. JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. § 1983 and § 1988 and the Fourth Amendment to the United States Constitution, made applicable to Defendants through the Fourteenth Amended to the United States Constitution. This court has jurisdiction over the Plaintiff's claim under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343(3) (civil rights). This court has further jurisdiction over Plaintiff state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction) as those claims form part of the same case or controversy under Article III of the United States Constitution.

4. Venue lies in the U.S. Southern District of Texas, the district in which the claim arose, pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

5. Plaintiff **JOSE ISAIAS REYES** is a natural person who resides in Rio Grande City, Starr County, Texas, within the Southern District of Texas, McAllen Division.

6. Defendant City of Rio Grande City (the City) is a municipal corporation operating pursuant to the Constitution and the laws of the State of Texas within the U.S. Southern District of Texas. The City may be served with process through the City Manager, Noe Castillo, at 5332 E. Highway 83, Rio Grande City, Texas 78582.

7. Defendant Jesse Alvarez, Jr., (Officer Alvarez) is an individual residing in the Southern District of Texas. The acts and omissions complained of herein arise from the conduct of Defendant Officer Alvarez while he was acting under color of state law, each and act and omission was committed pursuant to Officer Alvarez' employment and authority as a police officer with the City of Rio Grande City. Officer Alvarez may be served with process at his place of employment, located at 402 E. Main St., Rio Grande City, Texas 78582.

## IV. FACTS

8. The events that make the basis of this suit occurred on or about November 30, 2023. On said date, Mr. Reyes was traveling in his vehicle within the streets of Rio Grande City, Texas. Mr. Reyes has a history of medical issues and has is completely disabled from the waist down. Officer Alvarez on duty that day on routine patrol and pulled over Mr. Reyes for failure to maintain a single lane. In his report, Officer Alvarez specifically notes that Mr. Reyes was operating a vehicle with Texas handicap license plates. After some initial questioning Officer Alvarez asked Mr. Reyes to step out of the vehicle, but he was unable to due to his medical condition. Officer Alvarez, despite noting that Mr. Reyes was paralyzed from the waist down, used excessive force to remove Mr. Reyes from his vehicle and slammed him to the ground and continued to physical assault the Plaintiff. As a result, Plaintiff was physically assaulted, slammed against the pavement and severely inquired. Officer Alvarez failed to property identify the Plaintiff, failed to adequately diffuse the situation due to the Plaintiff's medical issues and failed to exercise due diligence by using excessive force first and asking questions later.

9. At all times material hereto, Officer Alvarez was acting within the course and scope of his employment with the City. At all material times, Officer Alvarez was an actor under color of state law.

10. Officer Alvarez violently assaulted Mr. Reyes thereby violating the rights guaranteed to him under the Fourth and Fourteenth Amendments of the United States Constitution.

11. Officer Alvarez acted intentionally, wantonly, maliciously, and/or with deliberate indifference to the civil rights of the Plaintiff. At the time Officer Alvarez assaulted Mr. Reyes, he did not pose a significant threat of death or serious physical injury to Officer Alvarez or anyone else.

12. As a direct result of the excessive force and physical assault made the basis of this lawsuit, Defendants proximately caused Mr. Reyes to suffer physical harm, mental anguish, emotional distress, pain and suffering, and loss of future earnings.

13. All of the acts and omissions complained of herein were objectively unreasonable because of the surrounding circumstances as well as the clearly established law in effect at the time of the Defendants' actions and/or omissions. Additionally, all of the acts and/or omissions of Defendants were wanton, malicious, and done in conscious disregard of, and with deliberate indifference to, the rights and needs of Plaintiff's rendering appropriate the award of punitive damages.

## V. CAUSES OF ACTION

### A.

### CITY OF RIO GRANDE CITY

Plaintiff incorporates all of the aforementioned Facts in numeral IV.

14. Defendant City of Rio Grande City has a policy and/or custom of condoning and authorizing the use of excessive force/deadly force against suspects and/or individuals either in custody or not. The City of Rio Grande City, acting with deliberate indifference towards Mr. Reyes and to the rights of persons whom the police would come into contact with, failed to adequately select, screen educate, train, supervise, or otherwise direct the officers of the Rio Grande City Police Department and thus caused the violation of Plaintiff's Fourth Amendment rights. Defendant City of Rio Grande City had actual or constructive knowledge of this persistent, widespread practice of excessive force thus knowledge that the violation would most likely occur.

15. The City of Rio Grande City did not overtly personally participate in the aforementioned offensive acts; however, Defendant is liable, as a policy maker, because they permit the systematic maladministration of the law. Defendant's Police Department have had other instances in which excessive force is alleged against its officers which clearly demonstrates a pattern of such behavior and where the Defendant's police officers abuse the rights of suspects with mental health issues. Defendant was deliberately indifferent concerning the training and supervision of the aforementioned officer in that he failed to adequately screen supervise and train the Defendant's officer and there is a causal connection between these violations and Plaintiff's allegation of excessive force amount to deliberate indifference to Plaintiff's constitutional rights. The current screening, supervision and training mechanisms utilized by the Rio Grande City Police Department are deficient and the City of Rio Grande City knew or should have known of the deficiencies and patterns and he failed to reasonably address the deficiencies.

**B.**

**OFFICER ALVAREZ**

Plaintiff incorporates all the aforementioned Facts in number IV.

16. The aforementioned facts amount to an unreasonable seizure and wrongful use of excessive force and a complete disregard for the Plaintiff's mental and medical health issues when Officer Alvarez violently assaulted Mr. Reyes in violation of his Constitutional rights. These causes of action are constitutional torts as labeled by numerous federal courts and thus are actional able under 42 USC § 1983.

17. Defendants are jointly and severally liable to Plaintiff for compensatory damages and statutory attorney's fees. In addition, Defendants are liable for punitive damages.

## VI. ATTORNEY'S FEES

18. Plaintiff is entitled to recover attorney's fees and costs as required by the Civil Rights Attorney's Fees Award Act of 1976.49 U.S.C. § 1988. Plaintiff thereby request that the Court and jury award their attorney's fees and expenses.

## VII. JURY DEMAND

19. Plaintiff respectfully demand a jury trial pursuant to FED.R.CIV. P.8(b).

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendants be cited to appear and answer herein, and that Plaintiff have judgment against Defendants, jointly and severally, for actual damages above the jurisdictional minimum of the Court; exemplary damages; pre-judgment interest; post-judgment

interest, costs of court, attorney's fees and expenses and all other relief to which Plaintiff is justly entitled, at law or in equity.

Respectfully submitted,

Law Office of Dennis Ramirez, PLLC
111 N. 17th Street, Suite D
Donna, Texas 78537
Telephone: (956) 461-2890
Facsimile: (956) 287-3245
Email: dramirezlaw@gmail.com

*/s/ Dennis Ramirez*
DENNIS RAMIREZ
State Bar No. 24037327
Fed. ID No. 27204
Attorney for Plaintiff